**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUDITH MELVIN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: |
| | : | |
| NEW COUNTRY MOTOR CAR GROUP, INC. | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COMPLAINT**

**INTRODUCTION**

Plaintiff, Judith Melvin ("Plaintiff"), by and through her attorneys, Sacchetta and Baldino., brings this action against the herein named Defendant, New Country Motor Car Group, Inc. for discrimination, harassment, and constructive discharge related thereto on the basis of her sex/gender, in violation of Title VII, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"). Plaintiff seeks damages, including compensatory, liquidated, lost wages, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

**PARTIES**

1.     Plaintiff, Judith Melvin, is an adult individual and resident of the Commonwealth of Pennsylvania.

2.     Plaintiff is a now sixty-eight (68) year old Caucasian female who was employed by Defendant since on or about May 6, 2022 through November 25, 2023, and at all times material hereto was an employee of Defendant within the meaning of the statute that forms the basis of this matter.

3.     Defendant, New Country Motor Car Group, Inc., is an automotive group operating car dealerships and a business entity existing and doing business under the laws of the State of

New York which owns and/or operates a car dealership operating at 214 West Lancaster Avenue, Devon, PA 19333, and with a registered business address at 358 Broadway, Suite 403, Saratoga Springs, NY 12866.

4.      Defendant owns and operates a Mercedes Benz car dealership in Devon, Pennsylvania where Plaintiff worked, which was located at 214 W. Lancaster Avenue, Devon, PA 19333.

5.      At all times material hereto, Defendant was an employer within the meaning of the statutes which form the basis of this matter.

6.      The Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

7.      At all times material hereto, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

**JURISDICTION AND VENUE**

8.      The causes of action which form the basis of this matter arise under Title VII.

9.      The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

10.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

11.     All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed an inquiry and charge of discrimination, harassment and constructive discharge with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt

of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

## GENERAL ALLEGATIONS

12.     The Plaintiff, a now sixty-eight (68) year-old female, was employed by Defendant from on or about May 6, 2022 through November 25, 2023.

13.     Throughout the duration of her employment, Plaintiff was a part-time receptionist at the Euro Motor Cars Devon Mercedes Benz car dealership located at 214 West Lancaster Avenue, Devon, PA 19333/

14.     Defendant, New Country Motor Car Group, Inc, owns and/or operates the subject Mercedes Benz car dealership located at 214 West Lancaster Avenue, Devon, PA 19333.

15.     During the course of her employment, Plaintiff was subjected to continuous harassment and a hostile work environment by Defendant, their servants, employees, and agents, specifically Jay Posnack, who was employed as a sprinter sales consultant.

16.     Shortly before Thanksgiving, 2022 Ms. Melvin was invited to accompany Mr. Posnack, who was romantically interested in the Plaintiff, on an extended trip to South Carolina.

17.     The Plaintiff declined and at that time indicated that she did not have an interest in pursuing a romantic relationship with Mr. Posnack.

18.     After declining Mr. Posnack's advances, the Plaintiff was subjected to continuous, ongoing, and repeated harassment that occurred almost daily.

19.     By way of example, Mr. Posnack would leave trash on Plaintiff's desk, throw dirty towels on her desk after cleaning a vehicle, would throw old license plates at her while she was at her desk, would leave snotty tissues on her desk, and would frequently grab and violently shake Plaintiff's chair while she was sitting in it, which almost caused her to fall on multiple occasions.

20.     Upon information and belief, Defendant and their managers were aware of and/or observed the ongoing harassment and discrimination, but did nothing to address it.

21.     The aforementioned harassment by Mr. Posnack due to Plaintiff's decision to decline Mr. Posnack's unwanted advances culminated on August 24, 2023, when he threatened to shoot her.

22.     Plaintiff was concerned for her safety, and contacted the Sales Manager, Thomas Palmer, about the event and ongoing harassment by Mr. Posnack after she spurned his advances, who advised that he could not handle the matter, but that it would be forwarded to the general manager.

23.     For a period of ten days, no steps were taken by Defendant, their managers, or employees to address Plaintiff's concerns or the ongoing harassment and threats of violence.

24.     During these ten days, the harassment continued and intensified, with Mr. Posnack repeatedly and violently shaking the Plaintiff's chair, leaving more dirty tissues on her desk, and calling her "Stunad" or stupid.

25.     It was only after Plaintiff's repeated complaints that the general manager, Randy Clements, finally spoke with Mr. Posnack.

26.     Rather than addressing the problem or otherwise disciplining Mr. Posnack, Mr. Clements informed Plaintiff that it was a misunderstanding, and that Mr. Posnack had merely said he wanted to shoot himself, which Plaintiff vehemently denies.

27.     Plaintiff called the human resources phone number to make a complaint, but was not able to speak with anyone and never received a call back.

28.     In fact, Plaintiff was so concerned for her safety that she filed a complaint with the police.

29. Following Plaintiff's complaint, the harassment continued by Mr. Posnack, who began to also give Plaintiff angry looks whenever he would go by her desk, and Plaintiff continued to feel threatened for her safety.

30. As a result of the aforementioned ongoing harassment and hostile work environment, and Defendant's failure to remedy the harassment or otherwise appropriately discipline Mr. Posnack or otherwise ensure Plaintiff's safety, she was ultimately constructively discharged from her employment on November 25, 2023.

31. Plaintiff, Ms. Melvin, was discriminated against on the basis of her sex/gender with respect to the terms, conditions and/or privileges of her employment.

32. The hostile work environment Plaintiff was subjected to was unwelcome and based on her sex/gender and complaints of discrimination and harassment, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with her work and workplace safety.

33. Plaintiff viewed the harassment and discrimination as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

34. Defendant wholly failed to prevent or address the harassment and discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination and harassment.

35. The discriminatory conduct as well as the harassment of Defendant was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

36. Under these circumstances, the actions that Plaintiff was subjected to, including but not limited to the aforementioned harassment and threats to her physical safety, resulted in working conditions that were so intolerable that a reasonable person would have resigned.

37. Defendant acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's federally protected rights.

38. Upon information and belief, Defendant had a pattern or practice of discriminating against female employees, or otherwise failing to address discrimination and harassment on the basis of sex/gender in the workplace.

39. Plaintiff's sex/gender was a motivating factor in Defendant's improper and discriminatory treatment of plaintiff.

40. Plaintiff's sex/gender was a determinative factor in Defendant's improper and discriminatory treatment of plaintiff.

41. As a direct and proximate result of the hostile harassment and discriminatory of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I – TITLE VII

### Plaintiff, Judith Melvin v. Defendant New Country Motor Car Group, Inc.

42. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

43. By committing the foregoing acts of discrimination and harassment against Plaintiff and causing her constructive discharge, Defendant has violated Title VII.

44. Said violations were willful and intentional and warrant the imposition of punitive damages.

45. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's harassment and discriminatory acts unless and until this Court grants the relief requested herein.

47. By reason of Defendant's discriminatory acts and harassment and Plaintiff's constructive discharge, Ms. Melvin is entitled to all legal and equitable remedies available under Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) enjoining and permanently restraining the violations alleged herein;

(c) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(d) awarding compensatory damages to make the Plaintiff whole for all past and future lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(e) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding punitive damages to Plaintiff under Title VII;

(g) awarding Plaintiff such other damages as are appropriate under Title VII;

(h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury of the claims asserted herein.

**SACCHETTA & BALDINO**

By:     */s/ Gerald B. Baldino, III*
        GERALD B. BALDINO, III, ESQUIRE
        Attorney I.D. No.  326111
        308 East Second Street
        Media, PA 19063
        P: (610) 891-9212
        F: (610) 891-7190
        gbaldino@sbattorney.com
        *Attorney for Plaintiff*